Dear Mr. Williams,
You have requested an opinion of this office regarding when and how long the Special Assessment Level ("SAL") authorized by La.Const. art. VII, Sec. 18(G)(1) shall remain in place after there has been an increase in the value of the homestead after the SAL has been set. Your opinion request is based on the following scenario: a property owner has recently built a new home to replace his storm damaged home. The new home is 68% larger than the original, storm damaged home. This increases the value of the property by more than 25% of the value of the home prior to the storm. Based on this scenario, you ask the following question: should the assessment be kept at the original pre-storm SAL or should the assessment be increased to the new value if an owner builds a new home which increases the value of the property by more than 25%?[1]
Article VII, Section 18(G) of the Louisiana Constitution establishes a "Special Assessment Level" for persons sixty-five years or older if his/her adjusted gross income is under a certain level. Under the provision, assessment of residential property receiving the homestead exemption owned and occupied by a person sixty-five years of age or older, whose adjusted gross income is under the prescribed income level, shall not be increased above the total assessment of that property for the first year that the owner qualifies for and receives the special *Page 2 
assessment level, unless the owner fails to qualify for and receive the special assessment level in a subsequent year.
La.Const. art. VII, Sec. 18(G)(2)(b) provides that once a homeowner is qualified for and receives the SAL, it will remain on the property as long as "[t]he value of the property does not increase more than twenty-five percent because of construction or reconstruction."
Notwithstanding the limitation of the SAL set forth by La.Const. art. VII, Sec. 18(G)(2)(b), a special provision in La.Const. art. VII, Sec. 18(G)(5) freezes the SAL when the owner is unable to occupy the homestead due to damage or destruction caused by a disaster or emergency declared by the governor. It provides:
 Any owner entitled to the special assessment level set forth in this Paragraph who is unable to occupy the homestead on or before December thirty-first of a future calendar year due to damage or destruction of the homestead caused by a disaster or emergency declared by the governor shall be entitled to keep the special assessment level of the homestead prior to its damage or destruction on the repaired or rebuilt homestead provided the repaired or rebuilt homestead is reoccupied by the owner within five years from December thirty-first of the year following the disaster. The assessed value of the land and buildings on which the homestead was located prior to its damage shall not be increased above its assessed value immediately prior to the damage or destruction described in this Subparagraph. If the property owner receives a homestead exemption on another homestead during the same five-year period, the damaged or destroyed property shall not be entitled to keep the special assessment level, and the land and buildings shall be assessed in that year at the percentage of fair market value set forth in this constitution. In addition, the owner must also maintain the homestead exemption set forth in Article VII, Section 20(A)(10) to qualify for the special assessment level in this Subparagraph.
As a matter of statutory interpretation, whenever there is an apparent conflict between a general statute and more specific statute, the more specific statute controls and applies to the specific situation as an exception to the general statutory rule.See LeBreton v. Rabito, 1997-2221 (La. 7/8/98),714 So.2d 1226, 1229, (stating "[r]ules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character."). Based on this rule of statutory interpretation, it is the opinion of this office that La.Const. art. VII, *Page 3 
Sec. 18(G)(5) is an exception to the general rule found in La.Const. art. VII, Sec. 18(G)(2)(b).
La.R.S. 24:177(B)(2)(a) provides that "[t]he occasion and necessity for the law, the circumstances under which it was enacted, concepts of reasonableness, and contemporaneous legislative history may also be considered in determining legislative intent." The constitutional provision at issue was enacted shortly after Hurricanes Katrina and Rita hit Louisiana and forced many people out of their homes. During the November 9, 2005 debate in the Ways and Means Committee over HB 34 of the 2005 1st Extraordinary Session of the Louisiana Legislature, the committee considered whether to limit the exception freezing the SAL to homes that are rebuilt or repaired and "contain the same or less square footage as was present prior to the damage or destruction" to keep someone from doubling the size of their home and keeping their pre-storm assessment. The committee rejected this suggestion, stating that the point of the proposed constitutional amendment was to "encourage the people to rebuild" their homes after Hurricanes Katrina and Rita. House Committee on Ways and Means, Nov. 9, 2005, 1:42:40.
Accordingly, it is the opinion of this office that if a home that qualifies for a SAL pursuant to La.Const. art. VII, Sec. 18(G)(1) is damaged by a disaster or emergency (declared by the governor) and is subsequently rebuilt/repaired to the extent that the value of the property is increased by more than 25%, then pursuant to La.Const. art. VII, Sec. 18(G)(5), the SAL should not be increased above the homestead's assessed value immediately prior to the damage or destruction.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt
[1] We note that the determination of whether property is subject to the homestead exemption and the SAL is a factual determination which is the responsibility of the various tax assessors, subject to review by the Louisiana Tax Commission and, ultimately, the courts. Article VII, Section 18 of the Louisiana Constitution of 1974 and La.R.S. 47:1712. In accord are Attorney General Opinion Nos. 00-321 and 01-315. Thus, we express no opinion on that issue, but assume that a determination has been made by your office.